UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD MARCELLA | CIVIL ACTION |
| Versus | NO. 11-00487 |
| OCHSNER HEALTH SYSTEM | SECTION "F" |

ORDER AND REASONS

Before the Court is defendant Ochsner Health System's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

Plaintiff Ronald Marcella worked as a biomedical technician for Ochsner Health System. In spring 2009, plaintiff's job was outsourced to General Electric, and he received a memorandum from Ochsner saying that his employment with Ochsner was terminated. Ochsner told Mr. Marcella that General Electric would be making offers to all Ochsner biomedical technician employees who met background screening requirements. General Electric hired Mr. Marcella to work as a biomedical technician, and he continued to receive a comparable salary.

Following his departure from Ochsner, Mr. Marcella made numerous requests to Ochsner for severance payments. After being denied severance pay, plaintiff filed suit against Ochsner in Louisiana state court, pursuant to the Employee Retirement Income Security Act of 1974. Ochsner removed the case to federal court,

1

invoking the Court's subject matter jurisdiction.

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or

depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

## II.

Defendant contends that under its Plan Documents, the benefits committee, "as the Plan administrator, has the discretionary authority to interpret all Plan provisions and determine whether a participant or beneficiary is entitled to any benefit pursuant to the terms of the Plan."  Further, Ochsner points out that the committee's decision is only reviewable by this Court if it is without rational basis.  The Court agrees. Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 213 (5th Cir. 1999).  As the Fifth Circuit instructs,

> Unless the terms of the plan give the administrator 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan,' an administrator's decision to deny benefits is also reviewed de novo. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989).  If the language of the plan grants such discretion, a court will reverse an administrator's decision only for abuse of discretion."

Id.  Plaintiff presents no evidence to suggest that the committee's decision was an abuse of discretion.  As the minutes

of the Health and Welfare Plan Committee provide, the Committee denied plaintiff severance pay because he continued to be employed by General Electric for a comparable salary after his employment with Ochsner ended.  This decision is rationally related to the stated purpose of Ochsner's severance pay plan, which is designed "to help minimize financial hardships for employees who leave Ochsner due to a reduction in force."[1]

Accordingly, IT IS ORDERED: the defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, October 19, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff's contention that other, terminated employees received severance pay does not defeat summary judgment.  Those individuals, as plaintiff admits, did not go on to receive employment with General Electric.

4